**In re INTERNATIONAL MATCH CORPORATION.***

No. 431.

Circuit Court of Appeals, Second Circuit.

Aug. 12, 1935.

Peaslee & Brigham, of New York City (Martin A. Meyer, Jr., of New York City, on the brief; Ralph G. Albrecht, of New York City, of counsel), for the State of Delaware.

Rosenberg, Goldmark & Colin, of New York City (George K. Hourwich, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The bankrupt, a corporation organized under the laws of Delaware, was adjudicated a bankrupt in the District Court for the Southern District of New York on April 19, 1932. The appellee is its trustee. The appellant has filed its claim for franchise taxes for the year 1932, which were payable April 1, 1933, and for the year 1933, payable April 1, 1934. Although the claim was filed subsequent to the time limited in a bar order, the order was modified to permit filing and nothing now turns upon that. The claims were expunged upon the theory that they were not provable under section 64a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 USCA § 104 (a).

It is undisputed that these taxes are laid upon the privilege of existing as a corporation. See State v. Surety Corporation, 19 Del. Ch. 17, 162 A. 852, 853. Also that they are to be computed on the basis of a report of the corporation's authorized capital, required to be filed, in accordance with section 66 of the Delaware Franchise Tax Law (Rev. Code Del. 1915, § 103, as amended by 37 Del. Laws, c. 7, § 1), on January 1, 1933. showing

*Writ of certiorari denied State of Delaware v. Irving Trust Co., 56 S. Ct. 368, 80 L. Ed. ——.

the 1932 capital structure, and on January 1, 1934, showing the 1933 capital structure. Under section 67 of the same law (Rev. Code Del. 1915, § 104, as amended by 37 Del. Laws, c. 7, § 2), the tax is to be prorated, if a corporation ceases to exist during a year, for the portion of the year during which it continued in existence and "In case a corporation shall have changed during the taxable year the amount of its authorized capital stock, the total annual franchise tax payable at the foregoing rates shall be arrived at by adding together the franchise taxes calculated as above set forth as prorated for the several periods of the year during which each distinct authorized amount of capital was in effect."

■ Considerable stress is placed by the appellant upon the words "changed during the taxable year," which appear in section 67 of the Delaware statute above quoted in part. It is argued from this that the franchise tax payable April 1, 1933, is for the year 1932, a year which had already commenced to run when the corporation was adjudicated a bankrupt. With this conclusion we agree. It is obvious that changes in capital structure which can be given effect in computing the tax on April 1st in any year are changes which are then known. Certainly no tax could be computed which was dependent in amount upon events which might subsequently take place. As the changes which must necessarily be given effect in the computation are those which are knowable and are "changes within the taxable year" as designated by the statute, it follows inevitably that the tax computed on any April 1st is the tax for the previous calendar year or such part of it as the corporation was in existence.

The questions presented are (1) whether the tax for 1932, payable April 1, 1933, was provable within the meaning of section 64a of the Bankruptcy Act; and (2) whether the tax for 1933, payable April 1, 1934, was likewise provable. The strongest argument in behalf of the appellant can be made for the first of these taxes and that will be considered first.

■ Section 64a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 USCA § 104 (a), provides, in so far as now material, that "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof. * * *" The time when such taxes must be due and owing to be so payable is not fixed by the section. As to property taxes, it is clearly established that those which accrue after petition filed and during administration are to be paid. Swarts v. Hammer, 194 U. S. 441, 24 S. Ct. 695, 48 L. Ed. 1060; Dayton v. Stanard, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190. In equity receiverships, franchise taxes upon the privilege of existing which accrue during the receivership are likewise to be paid by the receiver. Michigan v. Michigan Trust Co., 286 U. S. 334, 52 S. Ct. 512, 76 L. Ed. 1136; People v. Hopkins (C. C. A.) 18 F.(2d) 731. But in an equity receivership the title to the property remains in the corporation and is merely put into the custody of the receiver, who must of necessity use the owner's franchise in administering it. In bankruptcy, however, the trustee acquires the title by operation of law, and continued existence of the bankrupt as a corporation is nonessential. In re Century Silk Mills, Inc. (D. C.) 12 F.(2d) 292. So the supposed analogy between the provability of a claim for franchise taxes in an equity receivership and in bankruptcy is not close.

When this bankrupt was adjudicated, it had been in existence as a corporation under its Delaware franchise during 1932 up to April 19th. From this it is argued that the 1932 tax was due and owing within the meaning of section 64a and so provable in accordance with the principles underlying the decisions in New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284, and New York v. Jersawit, 263 U. S. 493, 44 S. Ct. 167, 68 L. Ed. 405. In the second of these two cases, however, the tax held provable was a franchise tax to be paid annually by the corporation in advance on November 1st of each year to be computed "upon the basis of its entire net income for its fiscal or the calendar year next preceding." The petition was filed on December 22d following the date when the tax was payable in advance. All the facts necessary to be known in order to compute the tax were knowable when the petition was filed. In the Anderson Case the tax for 1903 was based upon the amount of capital stock issued and out-

standing on the 1st of January preceding the making of a return the corporation was required to make on or before May 1st. The adjudication was on April 23d. The return was not filed until May 2d, and the tax was not assessed until July 1st. The tax was held legally due and owing although not collectible until after adjudication. But before adjudication all the factors entering into the computation of the tax were knowable. Nothing remained to be done but the filing of a return and the assessment.

██ In the instant case the situation is different in a vital respect. The amount of the 1932 tax could not possibly be determined by any one until January 1, 1933. Not until then could possible changes in the capital structure affecting the amount of the tax be known. The distinction is between the accrual of a liability before petition filed though that liability has not yet ripened into an obligation to pay and the present situation where there was no liability whatever for the taxes on April 19, 1932. The time of the accrual of the obligation to pay rather than the time when the obligation is to be discharged by payment is the controlling feature. New Jersey v. Anderson, supra. See, also, Manhattan Properties, Inc., v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824. This corporation continued to exist throughout the whole taxable year. The tax for that period was entire. New York v. Jersawit, supra. It could not and cannot be computed as of the date of the petition in bankruptcy. When it did become due and owing from the corporation, the title to the property the appellant now seeks to subject to its payment had long since ceased to be in the corporation, but was in the trustee in bankruptcy who had nothing to do with the corporate franchise. It was not an obligation of the bankrupt when the trustee took title to the property, nor did it later become an obligation incurred by the trustee. In re Century Silk Mills, Inc., supra. We therefore conclude that the claim for the 1932 tax was properly expunged because not provable. A fortiori, the claim for the 1933 tax must be treated the same way, for no part of that taxable period had run before the petition in bankruptcy was filed and in other respects it stands the same.

Orders affirmed.