In the Matter of Roy R. BLACKWOOD,
Bankrupt.
No. 42807.

United States District Court
N. D. California, S. D.
Dec. 26, 1956.
Judgment Affirmed March 28, 1957.
See 242 F.2d 201.

**94**

Karl V. Bledsoe, Palo Alto, Cal., for Bankrupt.

Max H. Margolis, San Francisco, Cal., for Trustee.

Edmund G. Brown, Atty. Gen., James E. Sabine, Asst. Atty. Gen., Eugene B. Jacobs, Dep. Atty. Gen., San Francisco, Cal., for State of California through its Department of Employment.

OLIVER J. CARTER, District Judge.

Blackwood filed a petition in bankruptcy on April 2, 1954, and was adjudged a bankrupt the same day. He was then indebted to nine employees for wages which had been earned within the three month period preceding the filing of the petition, and a claim for these wages was filed by the Labor Commissioner.

Eleven months later a hearing was held and the Referee entered his order settling and allowing the Trustee's First and Final Report. The estate was only large enough to pay the expenses of administration, and a 52% dividend toward the wage claims filed. These the trustee paid, after first deducting from the wage dividend state and federal taxes of the employees.

The State of California, acting through the Department of Employment, then demanded of the trustee that he pay the tax imposed upon employers by the California Unemployment Insurance Code. This tax is based upon wages paid to employees, and becomes payable when the wages have been actually paid.

Under § 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, the order of priority for payment of debts is (1) expenses of administration, (2) wages, (3) certain costs incurred by creditors, and (4) taxes. The estate is insufficient to pay any 4th priority tax claims, but it is the contention of the State that their claim should be classified and paid as a 1st priority expense of administration. The Trustee petitioned the Referee for instructions and was ordered not to comply with the demands of the State and the case comes here on a Petition for Review of the Referee's Order.

There is no dispute as to the basic facts, although petitioner challenges some of the facts found by the Referee. The Court has reviewed the findings of fact made by the Referee and finds that they are supported by the record. The remaining questions are questions of law arising out of interpretations of the Bankruptcy Act and the California Unemployment Insurance Code.

The Referee held that the Trustee, in paying the dividend toward the wage claims which had been filed against the estate, incurred no liability for taxes under the California statute. Section 976 of the California Unemployment Insurance Code declares that "Employer contributions to the Unemployment Fund shall accrue and become payable

by every *employer* for each calendar year with respect to wages paid for employment." An *employer* is defined in § 675 as being "any employing unit, which for some portion of a day, has within the current calendar year or had within the preceding calendar year in employment one or more individuals and pays wages for employment in excess of one hundred dollars ($100) during any calendar quarter". An *employing unit* under § 135 is "any individual * * * corporation * * * and the receiver, trustee in bankruptcy, trustee or successor thereof, * * * which has, or subsequent to January 1, 1936, had, in its employ one or more individuals performing services for it within this State". Since the Trustee had not employed the persons to whom the wage dividend was paid, the Referee concluded that the employer's contribution did not become payable.

■ A similar problem was before the Court of Appeals for the Eighth Circuit in United States v. Fogarty, 8 Cir., 164 F.2d 26, 174 A.L.R. 1284, where the Trustee's liability for unemployment taxes under the Federal Social Security Act, 26 U.S.C.A. § 1400 et seq. was examined. As in this case, the Trustee paid a wage dividend toward wages which had been earned before bankruptcy and filed as a claim against the estate. The District Court, In re Inland Waterways, Inc., D.C.Minn., 71 F.Supp. 134, 136, held the tax claim invalid because "the Trustee was not the 'employer' of these laborers as defined in Section 1621(d) of the Internal Revenue Code [26 U.S.C.A. § 1621(d)] nor did the Trustee pay these men 'wages' as defined in Section 1621(a) * * * as the laborers never rendered services to the Trustee". But the Circuit Court reversed the holding, and held that for purposes of the unemployment tax, the Trustee stood in the shoes of the employer-bankrupt, and the reasoning of the Court in sustaining his liability is applicable here. The Court in the Fogarty case was faced with the same obstacle that presents itself here, viz., the

wording of the Social Security Act contemplated an employment relationship between the person who paid the wages and the recipient thereof. But the Court did not make its decision turn upon whether the Trustee, in paying the pre-bankruptcy wage claims, could be brought within the exact wording of the statute so far as it defined "employer" and "wages". The holding was made in view of the legislative purpose underlying the Social Security Act to mitigate the hardships caused by unemployment; insofar as the benefits under the Act depended both upon the amount of wages received and the time in which they were received, holding that the payments were not wages, and that the trustee was not an employer would cause an unjustified deprivation of benefits. "But if the trustee may not be held liable for the taxes here in question, it would seem that the broad purposes of the legislation would not be accomplished in the instances where the employer 'goes into bankruptcy and the wages due from him earned within ninety days of his bankruptcy are paid in whole or in part out of his assets through the bankruptcy proceedings." United States v. Fogarty, supra [164 F.2d 29]. These same considerations are applicable to the California Unemployment Insurance Code. The state legislation is designed to accomplish the same purpose sought by the federal Act, so far as it seeks to give relief to the unemployed. In Gillum v. Johnson, 7 Cal.2d 744, 62 P.2d 1037, 1041, 63 P.2d 810, 108 A.L.R. 595, the Court said:

"The provisions of titles 3 and 9 of the federal act [42 U.S.C.A. §§ 501 et seq., 1101 et seq.] make it plain that the purpose of the federal legislation was to encourage and bring about a uniform system of unemployment compensation throughout the United States. Those provisions are held out as an inducement to the states to enact unemployment compensation laws in accordance with certain general standards provided in the federal

law, but leaving the actual operation of unemployment insurance and generally the numerous details in connection therewith, including the payment of benefits, to the states under their own laws."

■ Section 101 of the California statute states: "This part is a part of a national plan of unemployment reserves and social security, and is enacted for the purpose of assisting ,in the stabilization of employment conditions * * *." Because the state and federal legislation are so closely allied in purpose and provision, well-reasoned construction regarding the scope of the federal statute should not be readily disregarded in construing the scope of the state act. The courts of California are in accord, Union Oil Associates v. Johnson, 2 Cal.2d 727, 43 P.2d 291, 98 A.L.R. 499, and have looked closely to federal decisions in settling problems under the State Unemployment Act. Scripps Memorial Hospital v. California Emp. Comm., 24 Cal.2d 669, 151 P.2d 109, 155 A.L.R. 360; California Employment Comm. v. Bowden, 52 Cal.App.2d Supp. 841, 126 P.2d 972.

■ Benefits to employees under the California Act are available only if prior employment was within the provisions of the act. §§ 1278, 1281. To hold that the trustee was not an "employer" here would, in some cases, deprive an employee of benefits altogether, for eligibility requires him to have earned a minimum amount of wages in his "base period" from an employer who was subject to the provisions of the act. There is, therefore, no ground here for rejection of the reasoning in the Fogarty case, or the subsequent cases adopting it. United States v. Curtis, 6 Cir., 178 F.2d 268; In re Daigle, D.C. S.D.Me., 111 F.Supp. 109. This Court holds, therefore, that the Trustee in bankruptcy should be held to be an "employer", and liable for the employer's contribution upon payments made to wage claimants who have filed against the debtor estate.

Having determined that the trustee incurs liability under the California taxing statute in paying the wage claims, it is necessary to decide the priority to be assigned to the tax claim, in view of the insufficiency of the estate to satisfy any claims beyond 2nd priority wage claims.

The court in U. S. v. Fogarty, supra, held that the claim for federal unemployment taxes was to be treated as a first priority expense of administration. A thorough analysis of the problem leads to the conclusion that Fogarty was correct in this holding also.

■ The general rule is that taxes which accrue subsequent to the filing of the petition in bankruptcy are payable by the Trustee as expenses of administration. In re Humeston, 2 Cir., 83 F.2d 187; In re California Pea Products, D. C.S.D.Cal., 37 F.Supp. 658; In re Willow Cafeterias, Inc., D.C.S.D.N.Y., 35 F.Supp. 965; United States v. Killoren, 8 Cir., 119 F.2d 364; State of Missouri v. Gleick, 8 Cir., 135 F.2d 134; Pomper v. U. S., 2 Cir., 196 F.2d 211; In re Garfield Fire & Clay, D.C.W.D.Minn., 46 F.Supp. 932. The tax claims which the Trustee is directed to pay as 4th priority claims under § 64, sub. a(4) of the Bankruptcy Act are "taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof * * *." Where the tax liability has not yet accrued against the bankrupt at the time the petition in bankruptcy is filed, it is not a provable claim against the bankrupt. Ingels v. Boteler, 9 Cir., 100 F.2d 915, affirmed 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78; In re Berkshire Hardware Co., D.C. Mass., 39 F.Supp. 663; In re California Pea Products, supra; In re International Match Corp., 2 Cir., 79 F.2d 203. Unless the subsequently accruing taxes are collectible from the Trustee as expenses of administration, they are not collectible out of the bankrupt estate at all, and thus the liability of the Trustee under the California Unemployment Insurance Code becomes meaningless.

The Referee also found that § 976 of the California Unemployment Insurance Code precluded the payment of these taxes as an expense of administration. That section says in part; " * * * The contributions are due and shall be paid to the department for the Unemployment Fund by each employer in accordance with this division and shall not be deducted in whole or in part from the wages of individuals in his employ." It is difficult to see the incompatibility between this provision and the holding that the employer's contribution is to be treated as an expense of administration. While the Trustee is considered to be an employer under the California Code for the purpose of payment of the employer's unemployment insurance taxes on pre-bankruptcy wages paid by the Trustee, it does not follow that the payment of the employer's taxes as an expense of administration is a deduction from the wages paid to employees. To say that the tax is being paid by deductions from the employee's wages assumes the existence of a specific fund which has been set aside for the exclusive payment of wage claims. No such fund for wage payments exists until all expenses of administration have been determined. Having determined that the California unemployment tax is an expense of administration within the provisions of the Bankruptcy Act, the Congressional mandate is that wage claims must be subordinated to expenses of administration. To apply this provision of the California law as suggested by the Trustee would be tantamount to subordinating an expense of administration to 2nd priority wage claims. There is no need to elaborate here upon the consequence of a state statute conflicting with the order of priority of distribution set forth in the Bankruptcy Act. "Section 64 of the Bankruptcy Act provides a hard and fast categorical classification of claims against a bankrupt estate, and the order in which said claims are to be paid. This order of priorities cannot be varied or departed from. * * * Congress may determine the priority in payment to be given wages and other claims, irrespective of any state statute, and the extent to which said power is exercised becomes exclusive." In re Penticoff, D.C.Minn., 36 F.Supp. 1, 2.

The order of the Referee instructing the Trustee not to comply with the demands of the State is reversed and set aside, and the matter is remanded to the Referee for further proceedings in accordance herewith.