Kal W. LINES, Appellant,

v.

STATE OF CALIFORNIA, DEPART-
MENT OF EMPLOYMENT,
Appellee.

No. 15484.

United States Court of Appeals
Ninth Circuit.

March 28, 1957.

Max H. Margolis, San Francisco, Cal.,
for appellant.

Edmund G. Brown, Atty. Gen., James
E. Sabine, Asst. Atty. Gen., and Eugene
B. Jacobs, Deputy Atty. Gen., for appel-
lee.

Before STEPHENS, POPE and HAM-
LEY, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a decision
of the District Court in bankruptcy pro-
ceedings entitled Matter of Blackwood,
147 F.Supp. 93. Appellant is the trustee
in bankruptcy.[1]

We are here asked to determine wheth-
er a trustee in bankruptcy is required to

1. The allowance of this appeal was granted
pursuant to the provisions of Rule 33 of
this Court, 28 U.S.C.A. The amount in-
volved is only $28.38, but the appeal was

granted because of its importance to the
administration of bankruptcy proceedings
in the federal courts of California.

pay to the State of California the tax imposed upon *employers* by the California Unemployment Insurance Code on wages which had been earned by employees of the bankrupt within the three month period preceding the filing of the bankruptcy petition, when to do so would in effect reduce the dividend paid to the employees out of the bankrupt estate after other expenses of administration had been paid.

Prior to demand by the state for the tax imposed on *employers*, it was determined that the value of the estate was only sufficient to pay the expenses of administration and a 52% dividend toward the wage claims. The trustee paid the wage dividend after first deducting state and federal taxes of the *employees*. There were no remaining assets in the estate from which the *employer's* tax on the wages could be paid. The referee in bankruptcy held that the trustee was not obligated to pay the *employer* taxes, but this holding was reversed by the District Court in a well-reasoned opinion. In re Blackwood, 147 F.Supp. 93.

As was pointed out by both the referee in bankruptcy and the District Court, a trustee in bankruptcy did not come within the exact statutory definition of "employer"[2] or "employing unit,"[3] since the trustee had not employed the persons to whom the wage dividend was paid. But the District Court, on the basis of United States v. Fogarty, 8 Cir., 164 F.2d 26, 174 A.L.R. 1284 and United States v. Curtis, 6 Cir., 178 F.2d 268, held that with respect to the wages claimed, the trustee was in effect an "employer" and liable for the *employer's* contribution based on the payments made to the wage claimants.

We agree with this holding by the District Court, but think it appropriate to further expand the reasons for reaching this result. United States v. Fogarty, supra, involved a claim against a trustee in bankruptcy for federal unemployment taxes as well as income withholding taxes. As to the federal unemployment taxes, it was held that the trustee was liable for such taxes based on wages earned by the bankrupt's former employees prior to bankruptcy. It was therein pointed out that social security legislation was enacted as a broad program for the assistance of the aged and needy and that the function of the courts is to apply it in a manner to effectuate the declared purposes. It was shown that the basis for the administration of federal old age benefits is "wages" and that the *character of the payments* as wages rather than the relationship of the payor to the payee was the particular concern of the taxing provisions. The Court also pointed out in Fogarty, supra, the federal statute failed to define employers and employees specifically. A Treasury regulation was cited which defined what the phrase "remuneration for employment" includes.

In the instant case the California Act defines "employer," and there is no state regulation or state statute which is similar to the Treasury regulation defining "remuneration for employment." But the difference is not controlling. We note that § 926 of the California Unem-

2. West's Ann.Cal. Unemployment Insurance Code, § 675. *"Employer.* 'Employer' means any employing unit, which for some portion of a day, has within the current calendar year or had within the preceding calendar year in employment one or more individuals and pays wages for employment in excess of one hundred dollars ($100) during any calendar quarter."

3. West's Ann.Cal. Unemployment Insurance Code, § 135. *"Employing Unit.* 'Employing unit,' means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company, corporation whether domestic or foreign, and the receiver, trustee in bankruptcy, trustee or successor thereof, and the legal representative of a deceased person, which has, or subsequent to January 1, 1936, had, in its employ one or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit which maintains two or more separate establishments within this State shall be deemed to be employed by a single employing unit for all the purposes of this division."

ployment Insurance Code defines "wages" as "all remuneration payable for personal services, whether by private agreement or consent or by *force of statute,* including commissions and bonuses, and the reasonable cash value of all remuneration payable in any medium other than cash." (Emphasis supplied.) It is apparent that when a dividend is paid out of the bankrupt estate on a wage claim, it is being done "by force of statute." Thus the sums paid as dividends are "wage" payments within the meaning of the California Act. But we are of the opinion that even without Section 926 of the California Act defining wages, the dividend payments made would still properly be considered as wages. The mere fact that the sums were actually paid to the employees by the trustee does not deprive the payments of their primary identification as wages.

We think the following quotation in United States v. Fogarty, supra, 164 F.2d at page 29, is applicable to the instant case.

> "The fact that at the time payments were made those receiving them might no longer have been in the employ of the company would not be material. And certainly in many relations a trustee in bankruptcy stands in the shoes of a bankrupt and the property in his hands, unless otherwise provided in the Bankruptcy Act, is subject to all of the equities impressed upon it in the hands of the bankrupt."

The District Court was correct in holding that the reasons for enacting social security laws were practically the same for both the federal Social Security Act, 42 U.S.C.A. § 301 et seq. and the California Unemployment Insurance Code, and therefore well-reasoned construction regarding the scope of the federal act should have great weight in applying the California Code. Gillum v. Johnson, 7 Cal.2d 744, 62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595.

■ We also agree with the District Court's analysis of § 976 of the California Unemployment Insurance Code,

which, it was argued, precluded the payment of the taxes as an expense of administration. The cited section provides in part: " * * * The contributions [employer's tax] are due and shall be paid to the department for the Unemployment Fund by each employer in accordance with this division and shall not be deducted in whole or in part from the wages of individuals in his employ." The District Court correctly determined that the California unemployment tax in the instant case was an expense of administration (it having accrued subsequent to the filing of the petition in bankruptcy) and that the payment of such tax is not a deduction from the wages paid to employees. The fund out of which the wage payments are made does not become definite in amount until all expenses of administration have been paid. It would seem that Section 976 of the California Act was enacted to cover the usual and normal situation of a going business.

In all respects the judgment of the District Court is affirmed.