Kal W. LINES, Appellant,

v.

STATE OF CALIFORNIA, DEPARTMENT OF EMPLOYMENT, Appellee.

No. 15484.

United States Court of Appeals Ninth Circuit.

July 8, 1957.

Max H. Margolis, San Francisco, Cal., for appellant.

Edmund G. Brown, Atty. Gen., James E. Sabine and Eugene B. Jacobs, Deputy Attys. Gen., Irv Shore, Atty., Labor Commission, State of California, San Francisco, Cal., for appellee.

Before STEPHENS, POPE and HAMLEY, Circuit Judges.

STEPHENS, Circuit Judge.

On March 28, 1957, this Court rendered an opinion in this case affirming the judgment of the District Court in which it was held that a trustee in bankruptcy is required to pay to the State of California, Department of Employment, the tax imposed upon employers by the California Unemployment Insurance Code on wages which had been earned, *but not paid at the time of bankruptcy,* by employees of the bankrupt within the three month period preceding the filing of the bankruptcy petition. See Lines v. State

---

of California, Department of Employment, 9 Cir., 242 F.2d 201. A petition for rehearing was filed by appellant trustee. In addition, the Labor Commissioner of the State of California filed an amicus curiae brief in support of the Trustee's petition for rehearing. We entered an order in the following words:

"The Labor Commissioner of the State of California appears to be a California official separate and apart from the appellee, State of California, Department of Employment, and, as such commissioner, has filed a petition as a friend of the Court in support of the petition for rehearing.

"Inasmuch as the points raised indicate divergent views by officials of the State of California relating to the same subject matter, and inasmuch as the case was submitted to us without oral argument, we deem it appropriate to and we do now order:

"That the petition for a rehearing be set down for oral argument on the 11th of June, 1957, and that the Labor Commissioner or his attorney be, and hereby is, invited to participate therein as the friend of the Court."

Appellee, Department of Employment, filed a brief June 10, 1957, and the appellant Trustee filed a brief June 19, 1957, subsequent to oral argument. We now discuss the case based on the briefs, petitions and oral argument, and the opinion filed March 28, 1957, is hereby amended by adding the following.

We discuss only one point,[1] and that is whether we are correct, in holding that the *employer's* tax on wages, earned within the three month period preceding the filing of the bankruptcy petition *but not paid prior to bankruptcy,* is correctly held to be an expense of administration and thus entitled to first priority under § 64, sub. a of the Bankruptcy Act, Title 11 U.S.C.A. § 104 sub. a.

The Trustee initially argues that our earlier opinion is inconsistent with the opinion of this Court in Diamond Laundry Corp. v. California Employment Stabilization Commission, 9 Cir., 1947, 162 F.2d 398. In that case we held that contributions of an employer under the California Unemployment Insurance Act, West's Ann.Unempl.Ins.Code, § 1 et seq. constituted taxes.[2]

The Trustee argues that this is inconsistent with our holding in the instant case that such "taxes" are "expenses of administration." We fail to see any inconsistency. In Diamond Laundry, the wages had been paid. A claim can be called a "tax" and yet at the same time take on the *character* of an expense of administration due to the facts giving rise to the creation of such tax. We merely held in our earlier opinion that because the employer's tax accrued subsequent to the filing of the petition in bankruptcy, such tax had the character of an expense of administration; and thus was entitled to a first priority. In the instant case, the Trustee did not operate or run the business. The Trustee admits that if he had run the business, taxes accruing during his operation would be entitled to be classified as expenses of administration. Any inconsistency is in the Trustee's argument.

The Trustee cites In re John Horne Co., 7 Cir., 1955, 220 F.2d 33, 34, as being in conflict with our decision. A reading of the Horne case clearly indicates the Trustee's argument to be without merit. In Horne the federal government unsuccessfully sought to have its claim for unemployment and withholding taxes, based on wages *paid* prior to bankruptcy, classified as a first priority. In the instant case we are dealing with taxes

1. This point is well presented by appellee and appellant in their briefs. Points raised in the amicus brief of the Labor Commissioner we find either without merit or irrelevant to the issues upon which we granted him permission to file an amicus curiae brief.

2. See Vol. 2, Remington on Bankruptcy, § 797, and Vol. 6, Remington on Bankruptcy, § 2818.

*not paid* before the filing of the bankruptcy petition and accruing thereafter. In Horne, it is stated:

"The Trustee also conceded that the portion of the claim based on wages earned and paid subsequent to December 12, 1951 (the date of bankruptcy), and while the debtor was operating the business under Chapter XI by order and direction of the court, was entitled to priority under 64, sub. a(1), that is as an expense incurred in preservation of the estate.

"Thus, the issue is whether the government is entitled to have its claim for unemployment and withholding taxes, based on wages paid prior to bankruptcy, classified as a first or fourth priority under 64, sub. a, of the Bankruptcy Act. * * * "

A difference between our case and the Horne case is that the Trustee in the instant case did not operate the business. But we hold that this fact is not controlling. The employer's tax is not due or capable of ascertainment of amount until the wage is *paid*. There may very well not be any wages paid out of the bankrupt estate. The amount of the wage is uncertain until the bankrupt estate is finally determined. The wages are entitled to a second priority in the instant case, but the tax involved is a tax which accrued after the bankruptcy petition was filed and thus would not be provable as a normal tax claim with fourth priority.[3] Ingels v. Boteler, 9 Cir., 100 F.2d 915, affirmed 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78; Colman Co. v. Withoft, 9 Cir., 195 F. 250.

The Trustee cites California State Board of Equalization v. Coast Radio Products, 9 Cir., 1955, 228 F.2d 520, in which it was held that the State of California could enforce its non-dischargeable tax claim against after-acquired property of a discharged bankrupt even though the State of California failed to file a claim against the bankrupt estate when there were funds on hand sufficient to fully satisfy the tax claim. The case is inapposite. Also the taxes therein involved were due and owing at the time of bankruptcy.

As was pointed out in our earlier opinion, it was held in United States v. Fogarty, 8 Cir., 164 F.2d 26, 28, 174 A.L.R. 1284, that employment and withholding taxes which were not payable at the time the petition in bankruptcy was filed, and only accrued "as and when paid" were entitled to be classified as an expense of administration under Section 64, sub. a, of the Bankruptcy Act. Like the situation in the instant case, Fogarty involved wages earned, *but not paid*, by the bankrupt's former employees *prior to* bankruptcy. In Pomper v. United States, 2 Cir., 196 F.2d 211, 213, it was held that the federal unemployment tax is "incurred in a readily ascertainable amount as the wages are paid out," and that taxes levied on wages *paid out before* filing of a petition for arrangement under Chapter XI receive a fourth priority, while taxes levied on wages *paid out after* filing of the arrangement petition receive first priority as an expense of administration. The Pomper case is not limited, as urged by appellant, to a holding that the government's claim for the taxes as an expense of administration "was good only for the period the debtor remained in possession." The determining factor in Pomper was when the wages were *paid out* and not who was in possession. The District Court[4] and Circuit Court in

3. On this point the District Court in the instant case (147 F.Supp. 93, 96) cited In re Berkshire Hardware Co., D.C., 39 F.Supp. 663, as standing for the proposition that where the *tax* liability has not yet accrued against the bankrupt at the time the petition in bankruptcy is filed, it is not a provable claim against the bankrupt. An examination of the Berkshire case shows that the case is not authority for such a proposition, but rather indicates a contrary view. But for authority in support of the District Court, see Remington on Bankruptcy, Vol. 2, §§ 797, 798, 799 and Vol. 6, Remington on Bankruptcy, §§ 2818, 2819, 2822 and 2823.

4. In re Oceanic Ship Scaling Co., Inc., D.C., 100 F.Supp. 122, 124.

Pomper both spoke of "payroll tax accruing," "claims arising from payroll payments" and "payroll taxes accruing" after the filing of the petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

We conclude that the District Court was correct in holding that the taxes had the character of expenses of administration. The beneficial result of insuring that the wage earners will be credited with the employer's contributions offsets any harm that might result if the wage dividend is resultingly diminished.

The petition for rehearing is denied.