**In the Matter of CONNECTICUT MOTOR LINES, INC., Bankrupt.**

**No. 25473.**

United States District Court
E. D. Pennsylvania.

April 29, 1963.

Marvin Garfinkel, Philadelphia, Pa., for bankrupt.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., Fred B. Ugast, John M. Youngquist, Dept. of Justice, Washington, D. C., for government.

GRIM, District Judge.

The bankrupt herein owed money for wages at the time of the adjudication. The question is whether the federal income and social security taxes, which would have been due along with the wages, had they been paid, should be withheld from the wage claimants and paid to the government in the distribution of the bankrupt estate. The bankruptcy referee decided that the withholding taxes are not due. The case is here on the government's petition for review.

■ ■ Withholding taxes are due and payable both for income tax and social security tax. Int.Rev.Code of

1954, § 3402; Int.Rev.Code of 1954, § 3102. However, they are not due until wages are paid. When wages have been paid prior to a bankruptcy adjudication, the withholding taxes then are due and they clearly are payable out of the bankrupt estate. United States v. New York, 315 U.S. 510, 62 S.Ct. 712, 86 L.Ed. 478 (1942); In re John Horne Co., 220 F.2d 33 (7th Cir., 1955).

The New York case and the Horne case differ from the present case in that in the present case the wages had not been paid at the time of the adjudication and, consequently, the withholding taxes were not due at that time. There are strong authorities, however, holding that withholding taxes must be withheld from wage claimants and paid to the government in a bankruptcy distribution even if the wages have not been paid at the time of the adjudication. See United States v. Fogarty, 164 F.2d 26, 174 A.L.R. 1284 (8th Cir., 1947); United States v. Curtis, 178 F.2d 268 (6th Cir., 1949), cert. denied, 339 U.S. 965, 70 S.Ct. 1001, 94 L.Ed. 1374 (1950); Lines v. California, 242 F.2d 201 (9th Cir., 1957), cert. denied, 355 U.S. 857, 78 S.Ct. 86, 2 L.Ed. 2d 64 (1957). These cases are directly in point with the present case and will be followed.

■ Both the section in the Internal Revenue Code with respect to withholding income tax and the section with respect to withholding social security tax direct that taxes be withheld from "wages." The Treasury Regulations in respect to both income and social security taxes define wages by saying:

> "Remuneration * * * constitutes wages even though at the time paid the relationship of employer and employee no longer exists between the person in whose employ the services were performed and the individual who performed them." Treas.Reg. § 31.3401(a)–1(a) (5) (1957); Treas.Reg. § 31.3121(a)–1 (i) (1956).

This is a reasonable definition of wages and the contentions of the trustee and the referee that no withholding tax is due after a bankruptcy adjudication because the employer-employee relationship no longer exists is without merit. This construction of the Internal Revenue Code carries out the purpose of the Code in that it helps to assure that the federal taxes involved will be paid and it does not do violence, as it is contended, to anything in the Bankruptcy Act. It merely carries into the construction of the Bankruptcy Act one of the purposes of the Internal Revenue Code.

The trustee has made another contention which must be met though apparently it was not made before the referee. The trustee contends that the government's claim for withholding taxes must be disallowed because the government filed no proof of claim for them before the referee. This presents a real problem, but a problem on which this court cannot pass because it cannot determine whether or not the government has properly filed a proof of claim. The referee has made no finding of fact in reference to this. Indeed he has made no findings of fact in the present case at all, although Section 39 of the Bankruptcy Act, ch. V, 52 Stat. 858 (1938), 11 U.S.C.A. § 67, provides that in a certificate of review case:

> "(a) Referees shall * * * (8) prepare promptly and transmit to the clerks * * * a statement of the questions presented, the findings and orders thereon * * *."

Although I am reluctant to delay the disposition of this case, it is necessary to remand it to the referee to make a finding of fact on the question whether the government has filed a proper proof of claim and if it has not, to determine what the legal effect of such a failure to file may be.

One of the questions before the Court of Appeals in the cases heretofore cited was whether the government was entitled to a Bankruptcy Act Section 64(a) (1) priority (administration expense) or a Section 64(a) (4) priority (tax claim). I do not reach this problem in the present case because, although there are no findings of fact by the referee, his order

of distribution discloses that there is sufficient money to pay all the priority claims in full plus a dividend to the common creditors. Therefore, there will be sufficient money to pay the government's claim (if allowed despite a possible failure to file a proof of claim), whether it be entitled to a Section 64(a) (1) priority or a Section 64(a) (4) priority.

### ORDER

And now, the case and record will be remanded to the referee for action in accordance with this opinion.