**In the Matter of CONNECTICUT MO-
TOR LINES, INC., Bankrupt.**

No. 25473.

United States District Court
E. D. Pennsylvania.

Aug. 13, 1963.

E. G. Scoblionko, Allentown, Pa., for Trustee.

Marvin Garfinkel, Philadelphia, Pa., for bankrupt.

Drew J. T. O'Keefe, U. S. Atty., Sidney Slakin, Asst. U. S. Atty., Philadelphia, Pa., Louis F. Oberdorfer, Asst. Atty. Gen., Fred B. Ugast, John M. Youngquist, Dept. of Justice, Washington, D. C., for the Government.

GRIM, District Judge.

The question in this petition for review in a liquidating bankruptcy is whether the trustee in making distributions to wage claimants must withhold from the distributions and pay to the government federal income and social security taxes on wages earned, but not paid prior to the adjudication of bankruptcy.

In an opinion filed April 29, 1963, 217 F.Supp. 330, this court decided that withholding taxes on wages earned but not paid at the time of the adjudication can properly be paid to the government in a bankruptcy distribution at the time of distribution of wages to the wage claimants. However, there was uncertainty as to the facts in the case and it was remanded to the Referee to make a finding as to whether the United States had filed a proof of claim for the above-mentioned withholding taxes and a determination of what the effect would be of a possible failure of the United States to file a proof of claim. The Referee now has filed a "Referee's Supplemental Certificate of Review" from which it appears that the United States had not filed a proof of claim for the withholding income and social security taxes involved in this case. The finding is not very clear, but it appears to be an accepted fact in the case that the United States did not file a proof of claim.

The case, therefore, involves the question as to what effect, if any, the failure

of the United States to file a proof of claim will have.

■ In United States v. Fogarty, 164 F.2d 26 (8th Cir. 1947), it was stated that federal income and social security withholding taxes should be paid by the trustee as an administration expense. The question of whether the United States was required to file a proof of claim in order to collect these withholding taxes was not really before the court in the Fogarty case because the government *had* filed a proof of claim. However, the court's conclusion that this type of tax constitutes an administration expense and should be paid as such seems to be a reasonable one since Section 62, sub. a of the Bankruptcy Act dealing with administration expenses provides, 60 Stat. 329 (1946), 11 U.S.C.A. § 102, sub. a (1):

"The actual and necessary costs and expenses incurred by officers, [trustees] other than referees, in the administration of estates shall * * * be reported in detail under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred."

There is no time limit on the application of Section 62, sub. a and it would seem that so long as a bankruptcy proceeding is open and sufficient assets remain to pay federal withholding taxes, this section can be applied. The payment of the withholding taxes might well be regarded as "necessary expenses" in the administration of the bankruptcy. Since the withholding taxes become due only when the wages are paid by the trustee, the trustee at the same time as he pays the wages incurs the expense of paying the federal withholding taxes on them. Under Section 62, sub. a it would seem, therefore, that no proof of claim is required by the United States and that withholding taxes can be paid from the estate without a proof of claim, when and if they have been "reported in detail" to the Referee and allowed by the bankruptcy court.

On the other hand, there is the contention that Section 57, sub. n of the Bankruptcy Act applies because more than six months have passed since the first meeting of the creditors. Section 57, sub. n provides, 66 Stat. 424 (1952), 11 U.S. C.A. § 93, sub. n:

"* * * [A]ll claims provable under this Act, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof * *."

Since the United States has filed no proof of claim in the present case, a choice must be made as to whether Section 62, sub. a applies and the withholding taxes must be paid as an administration expense or whether Section 57, sub. n applies and the claim of the United States must be denied, because it has failed to file a proof of claim.

■ In my opinion, Section 62, sub. a applies and the withholding taxes must be paid to the United States. As has already been decided in this case in the earlier opinion, the income and social security taxes must be withheld by the trustee under the Internal Revenue Code. It would almost have to follow from this that the money withheld from wage claimants for taxes would have to be paid to the entity for which the wages are withheld. While the problem in the present case is purely a statutory one, it should be observed that it would be incongruous indeed to withhold money from wage claimants for taxes and then instead of paying the taxes with this money, to place it in a fund to be shared in by other creditors simply because the United States failed to file a proof of claim.

The claim of the United States for income and social security withholding taxes will be allowed.

### ORDER

AND NOW, this 13th day of August, 1963, the order of the referee authorizing the payment of priority wage claims without requiring payment to the United States of withholding income and social security taxes thereon is reversed and the record is remanded to the referee with the direction that the trustee withhold from wage claimants in this bankruptcy proceeding the federal income and social security withholding taxes involved in this case and that the trustee pay these taxes to the United States.