In the Matter of **JOHN HORNE COMPANY**, a corporation, **Bankrupt.**

**No. 51 B 958.**

United States District Court
N. D. Illinois, E. D.

June 1, 1954.

**318**

Marcus L. Silver, Chicago, Ill., for petitioner-creditor.

Theodore D. Kahn, Chicago, Ill., for receiver.

Ferra C. Watkins, Chicago, Ill., for appellee-trustee.

Richard L. Phelan, Chicago, Ill., for R. F. C.

Archie M. Cohen, Chicago, Ill., for debtor.

Lawrence T. Manning, Chicago, Ill., for debtor.

Lewis Schimberg and Edward Stern, Chicago, Ill., for J. H. Day Co.

Robert Tieken, U. S. Atty., Chicago, Ill., for the United States.

Arthur M. Kracke, Robert D. Bjork, Friedman, Zoline & Rosenfield, Chicago, Ill., for, respectively, R. F. Johnson Dairy Products, General Sugar Sales Co., and the Geurdon Corp.

SULLIVAN, District Judge.

An involuntary petition in bankruptcy was filed against the bankrupt, John Horne Company, a corporation, on December 12, 1951. Thereafter and until September 12, 1952, the debtor remained in possession under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. On the latter date an order was entered terminating the Chapter XI proceedings and ordering that bankruptcy be proceeded with. The United States has filed the following claims: for (1) Federal Unemployment Tax Act taxes for the entire calendar year 1951, in the amount of $6,417.42; and (2) withheld Federal taxes for the entire fourth quarter of 1951, from October 1951 through December 31, 1951, in the amount of $4,522.58, and for the first quarter of 1952, from January 1, 1952, through March 31, 1952. The government contends that these taxes are entitled to priority as administration expenses. The trustee raised no objection to the liability of the estate for taxes based upon wages earned by employees of the debtor-in-possession during the administration of the estate and conceded that they are properly classified as an expense of administration. The issue is therefore whether the taxes attributable to the period before the bankruptcy proceedings are to be allowed as administration expenses.

On November 18, 1953, an order was entered finding that the claim of the United States, so far as it related to withholding taxes and unemployment taxes based upon the wages of employees of the bankrupt earned and paid prior to bankruptcy were not entitled to priority as a cost of administration, but were entitled to priority under Section 64, sub. a(4) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4), as taxes. The case is now before the Court on the petition of the United States to review this order.

The Federal unemployment tax will be first considered. The government contends that this is an annual excise tax imposed upon the right to employ for a full calendar year, and is therefore indivisible and not allocable to parts of the taxable year. That argument,

as well as the lower court decisions and administrative rulings cited by the government, was considered in Pomper v. United States, 2 Cir., 1952, 196 F.2d 211, 213. The facts there were indistinguishable from those in this case. Judge Frank's opinion reads in part:

"The employer's tax at any given time in the taxable period can be accurately computed through multiplying by three one-hundredths the aggregate wages paid to employees up to that time. The mere fact that the tax is not due until the year's end does not detract from the fact that it is incurred in a readily ascertainable amount as the wages are paid out. Indeed, if the employer sells out his business to a new employer at any point in the year, he will still be responsible for the tax of 3% on all wages paid out by him before the sale, while his successor employer will be responsible for a 3% tax on the remaining payroll. * * *

"Since, then, the annual tax can be easily apportioned between pre-bankruptcy and post-bankruptcy wages, and since we can find no policy of the tax statute disturbed by such apportionment, we think the unemployment tax must be treated the same as other regular business expenses of the debtor continuing throughout and apportionable between the pre-bankruptcy and post-bankruptcy periods of the year." 196 F.2d at page 213.

The government contends that the unemployment tax for the calendar year 1951 could not have been allowed under Section 64, sub. a(4) of the Bankruptcy Act as a tax "legally due and owing" by the bankrupt to the United States since the statute provides that returns shall be made in January of the following year, 26 U.S.C. § 1604, and the tax was therefore "not legally due and owing." The fact that the *payment* of the tax was postponed does not prove that it was not "legally due and owing". If the trustee had decided to discontinue business on December 15, no one would contend that the estate did not owe a tax. A delay in the filing of a return and payment does not alter the fact that the tax accrues and can be computed as the wages are paid.

The contentions of the government as to the withholding tax for the quarter ending December 31, 1951, are much the same as those advanced as to the unemployment tax. In addition, United States v. Fogarty, 8 Cir., 1947, 164 F.2d 26, 174 A.L.R. 1284, is relied on. It was there held that the withholding taxes on wages earned but not paid before bankruptcy, and paid by the trustee under court order after bankruptcy, were administration expenses. The reasoning of the Court was that:

"The purpose is to treat the actual payor of the remuneration as the employer for withholding and payment purposes.

" * * * The taxes were not payable at the time the petition was filed by the bankrupt and only accrued 'as and when paid,' that is, on the actual payment of * * * the wage claims during the administration of the estate pursuant to the orders of the bankruptcy court." 164 F.2d at page 33.

The fact that in the instant case the wages were actually paid before bankruptcy distinguishes it from the Fogarty case. The quotation just given makes it clear that that decision depended mainly on the time of payment of the wage claims. That case is therefore not inconsistent with a holding that the withholding tax is not an administration expense when the wages were earned and paid before bankruptcy.

The withholding tax, like the unemployment tax, may be accurately computed at any moment. The employer is required to deduct and withhold a stated per cent from wages actually paid to an employee. Title 26 U.S.C. § 1621 et. seq. Thus, not only is it true that the tax *can* be computed from time to time, but good accounting practice demands that it be set aside in a special fund each time

wages are paid. In considering the allowance of taxes on wages earned and paid before bankruptcy as "administration" expenses, the purpose of Section 64, sub. a(4) of the Bankruptcy Act must be considered. That section gives priority to the expenses which the trustee necessarily sustains in order to keep the estate in operation. Further, over these expenditures the trustee has control and discretion. Nothing which happened before bankruptcy can be charged against him. The trustee might, for example, decide to reduce the staff drastically. He will thereafter be responsible for the wages, and the taxes attributable to the wages, which he feels should be paid. But those which were incurred by the bankrupt are the responsibility of the estate in the usual course of distribution according to the priority assigned to them by law, and not as costs of administration.

The order of the Referee of November 18, 1953, is approved.