In the Matter of **JOHN HORNE COMPANY, Bankrupt.**
**UNITED STATES of America,**
**Appellant,**

v.

**S. Harvey KLEIN, Trustee of the Estate of John Horne Company, Appellee.**

No. 11292.

United States Court of Appeals, Seventh Circuit.

March 9, 1955.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, S. Dee Hanson, Special Assts. to the Atty. Gen., Dudley J. Godfrey, Jr., Atty., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., for appellant.

Ferre C. Watkins, Theodore D. Kahn, Charles F. Meyers, Chicago, Ill., Donald W. Hoag, Chicago, Ill., of counsel, for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

An involuntary petition in bankruptcy was filed against John Horne Company, a corporation, on December 12, 1951. On December 28, the proceedings were transferred to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., with the debtor remaining in possession and operating the business until Septem-

ber 12, 1952. On the latter date the Chapter XI proceedings were terminated and the original bankruptcy proceedings reinstated. On October 6, 1952, an order was entered adjudicating the debtor a bankrupt.

During the period for filing claims, the District Director of Internal Revenue filed a claim of the United States of America for $6,417.42, federal unemployment taxes for the full calendar year ending December 31, 1951, and also for $4,522.58, withholding (income) taxes for the full calendar quarter ending December 31, 1951. The claim for unemployment taxes was predicated upon Sections 1600–1611 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1600 et seq., and the income withholding taxes upon Sections 1621–1623 of the Code, 26 U.S. C.A. § 1621 et seq.

The sole issue here, as in the court below, concerns the classification of the Director's claim relative to priority under the provisions of the Bankruptcy Act. Sec. 64, sub. a of that Act, 11 U.S.C.A. § 104, provides for priority in the payment of debts and designates five classes of claims, each of which is given priority in payment over all succeeding classes. Claims of first priority include "the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition" and "the costs and expenses of administration". Claims of fourth priority are those for "taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof". (Claims falling within priorities two, three and five are not material to the instant controversy.)

There is no question as to the validity of the government's claim; the issue is as to its proper classification relative to priority. The Director sought to have it allowed in its entirety under 64, sub. a (1), as a necessary cost and expense of preserving the estate subsequent to the filing of the petition. The Trustee objected to such allowance as to that portion based on the wages earned and paid by the debtor prior to December 12, 1951 (the date of the filing of the involuntary petition) but conceded that such portion was entitled to a priority under 64, sub. a(4), that is, as taxes legally due and owing by the bankrupt to the United States. The Trustee also conceded that the portion of the claim based on wages earned and paid subsequent to December 12, 1951 (the date of bankruptcy), and while the debtor was operating the business under Chapter XI by order and direction of the court, was entitled to priority under 64, sub. a(1), that is, as an expense incurred in preservation of the estate.

Thus, the issue is whether the government is entitled to have its claim for unemployment and withholding taxes, based on wages paid prior to bankruptcy, classified as a first or fourth priority under 64, sub. a, of the Bankruptcy Act. The issue in the court below was referred to a Referee who made a report adverse to the contention of the government, which report was approved by the court. From this order of approval the appeal comes to this court.

As noted, there is no dispute but that the government's tax claim was based upon wages earned and paid prior to the date of bankruptcy. The government, however, contends that under the provisions of the statute the unemployment tax is an annual tax payable by an employer only after the end of the taxable year, and that the withholding income tax is a quarterly tax on wages paid employees during the calendar year, payable within the month following the calendar quarters of the particular tax year involved. Predicated thereon, it is argued that such taxes cannot be allocated or divided between the time prior and that subsequent to bankruptcy. The government in its brief states:

"* * * a holding of indivisibility and non-allocability of these taxes for the full calendar year and for the entire calendar quarter as single unit annual and quarterly assessments, respectively would do no violence to the over-all policy of the taxing statute but rather would tend to subserve its broad purposes as

clearly contemplated by the Congress."

Much of the government's argument is of a similar pattern. It would have us embrace what it characterizes as the "over-all policy of the taxing statute" and at the same time ignore the congressional policy, expressed in clear and certain language, relating to the priority of claims in bankruptcy. Its contention, if accepted, might not do any "violence" to the taxing statute but it would make a shambles of the Bankruptcy Act. We think there is no logic in the contention that the government's claim was a "necessary cost and expense of preserving the estate subsequent to filing the petition." At that time the claim was definitely fixed in character and amount, the debt was then owing to the government and nothing was postponed other than the time of payment. We think the claim was for "taxes legally due and owing by the bankrupt to the United States" and as such was properly awarded a classification of fourth priority.

Two Courts of Appeals have decided the question involved adversely to the government, the Second Circuit in Pomper v. United States, 196 F.2d 211, and the Sixth, in In re Stannus, d/b/a Stannus Cartage Co., Bankrupt; (United States v. Davis) 218 F.2d 957. In response to the government's contention that the tax is indivisible and non-allocable between the period prior to bankruptcy and that subsequent thereto, the court in the Pomper case stated 196 F.2d at page 213:

"Since, then, the annual tax can be easily apportioned between pre-bankruptcy and post-bankruptcy wages, and since we can find no policy of the tax statute disturbed by such apportionment, we think the unemployment tax must be treated the same as other regular business expenses of the debtor continuing throughout and apportionable between the pre-bankruptcy and post-bankruptcy periods of the year. See In re Wil-Low Cafeteria, Inc., 2 Cir., 111 F.2d 83. The Referee was, we think, justified in denying priority to unemployment taxes levied on wages paid out before the Chapter XI petition was filed."

The court in the Stannus case reached the same result.

The government relies upon United States v. Fogarty, 8 Cir., 164 F.2d 26, 174 A.L.R. 1284, and United States v. Curtis, 6 Cir., 178 F.2d 268. We are not impressed with the reasoning of the court in the Fogarty case but, in any event, it is distinguishable on its facts. There, the wages had not been paid at the time of bankruptcy but were allowed and paid as claims filed in the bankruptcy proceeding. It was upon the claims thus paid that the income tax was predicated and it was held that taxes paid under such circumstances were entitled to a classification under the first priority of Sec. 64, sub. a. In other words, there was no tax due and owing the government at the time of the inception of the bankrupt proceeding. In contrast, the claim of the government in the instant case was for taxes predicated upon wages paid prior to bankruptcy. In the Curtis case, the facts were similar to those in the Fogarty case and the court merely held that the government was entitled to the allowance of its claim for taxes. It did not hold, however, that the government was entitled to a classification of its claim as a first priority. Referring thereto, the court stated 178 F.2d at page 269:

"We do not reach the question, nor do we base our decision or express any opinion upon the added conclusion of the Court of Appeals for the Eighth Circuit that the taxes are enforceable against the estate of the bankrupt as expenses of administration having priority under section 64 sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a."

More than that, as already noted, the same court held in the Stannus case that the government was not entitled to the classification of first priority where the

tax rested upon wages paid prior to bankruptcy.

In our view, the District Court correctly decided the issue in controversy. 124 F.Supp. 317. The order appealed from is

Affirmed.