In the Matter of **MILLER READY MIX KONCRETE CORPORATION**, Bankrupt.

No. B 573–70.

United States District Court, D. Utah, C. D.

Sept. 27, 1972.

C. Nelson Day, U. S. Atty., H. Ralph Klemm, Asst. U. S. Atty., David R. Brennan, Internal Revenue Service, Salt Lake City, Utah, for petitioner.

Herschel J. Saperstein, Salt Lake City, Utah, for respondent-trustee.

## MEMORANDUM AND ORDER AFFIRMING REFEREE

ALDON J. ANDERSON, District Judge.

This matter is before the court on petition of the government for review of an order entered by the bankruptcy referee and is one requiring an interpretation of the debt priority provisions of the Bankruptcy Act.[1] The referee's order disallowed the government's claim against the estate of the bankrupt for employer's social security excise tax contributions, but required the trustee to withhold income and F.I.C.A. taxes from

1. 11 U.S.C.A. § 104 (Supp.1972).

wage dividends distributed to second priority wage claimants and pay over the same to the government as second priority claims. On review the government seeks to have the trustee held liable for the payment of both the employer's social security excise tax contributions and the income and F.I.C.A. withholding taxes as first priority costs of administration. The government also asks the court to determine that the allowance of the government's claims is not dependent upon the filing of a proof of claim.

The referee's order and accompanying memorandum distinguished between excise taxes due from the employer and income and F.I.C.A. taxes on the wages of employees. More particularly, the referee held that income and F.I.C.A. withholding taxes may not be considered first priority costs of administration because the wage dividends upon which they are based may not be paid until first priority claims have been paid in full and the first priority class of claims has closed. The referee reasoned that liability for the payment of income and F.I.C.A. withholding taxes accrues concurrently with the payment of the second priority wage dividends and that such taxes constitute a portion of such wage dividends and, therefore, must themselves be classified as second priority claims. The referee held that the theory of the government must fail because it would require the payment of claims for withholding taxes before the duty to pay such taxes arises and would require the re-opening of the first priority class.

With respect to employer's contributions the referee agreed with the reasoning of the Court of Appeals for the Third Circuit in In re Connecticut Motor Lines, Inc.,[2] which placed employer's contributions in the category of fourth priority claims for state or federal taxes due and owing by the bankrupt.[3] In the present case, inasmuch as the government had not timely filed a proof of claim as required in connection with fourth priority taxes, the referee disallowed entirely the government's claim for employer's contributions.

■■ The problem of the proper status to be given to government tax claims arises in this case because the claims involved do not fit neatly into either the category of pre-bankruptcy tax claims or the category of post-bankruptcy tax claims.[4] It appears that taxes on wages

---

2. 336 F.2d 96 (3rd Cir. 1964).

3. 11 U.S.C.A. § 104(a)(4) (Supp.1972)

4. That is, taxes incurred by the bankrupt prior to bankruptcy and taxes incurred during the course of administration of the bankrupt's estate.

   The validity of such a distinction has sometimes been questioned. Indeed, the priority provisions of the Bankruptcy Act do not explicitly draw the distinction and the early cases made no such distinction. *See e. g.*, Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190 (1916) (affirmed lower court decision holding that property taxes accruing subsequent to bankruptcy were legally due and owing by the bankrupt and, therefore, entitled to the same priority in bankruptcy proceedings as taxes which accrued prior to bankruptcy); *Note*, 19 Rutgers L.Rev. 546, 547 (1965). The strong weight of present authority, however, recognizes the distinction. *See e. g.*, United States v. Nicholas, 346 F.2d 32, 34 (5th Cir. 1965); In re John Horne

Co., 220 F.2d 33 (7th Cir. 1955); Pomper v. United States, 196 F.2d 211, 213 (2nd Cir. 1952); In re Fago Construction Corp., 162 F.Supp. 238, 242 (W.D.N.Y.1957); 3A Collier on Bankruptcy § 62.14, at 1523, 1532–33; § 64.407, at 2230 (14th ed. 1969); *Note*, 19 Rutgers L.Rev. 546, 549 (1965). It appears that the principal basis for distinguishing between pre-bankruptcy and post-bankruptcy taxes lies in the words "taxes which became legally due and owing by the bankrupt," which are contained in section 64a(4) of the Bankruptcy Act, 11 U.S.C.A. § 104(a)(4) (Supp.1972). Although these words do not explicitly distinguish between pre- and post-bankruptcy taxes, the thrust of their plain and usual meaning strongly suggests that the taxes to which they pertain, and which are placed by them in the fourth priority class of claims, are only those taxes which are incurred personally by the bankrupt prior to that point in time when the trustee in bankruptcy assumes control and management

which are earned and paid prior to bankruptcy are to be treated as fourth priority "taxes which became legally due and owing by the bankrupt."[5]  There is also little question that taxes on wages which are earned after bankruptcy and paid by the trustee for the purpose of further developing or preserving the bankrupt's assets are to be treated as first priority costs of administration.[6]  Here, however, the wages which are the subject of the government's claims are a hybrid variety; that is, wages which were earned prior to bankruptcy, but which are not paid until distribution is made to second priority wage claimants under section 64a(2) of the Bankruptcy Act.  In determining priority under these circumstances it is important to discern the point in time when liability for payment of the taxes accrues.

■■  In his excellent memorandum the referee has recited persuasive reasons for refusing to award the government's claims the status of first priority costs of administration.  Sound logic dictates that taxes which arise out of wages distributed as second priority claims may not be placed higher than the second priority.  When the first priority claims have been paid in full, the first priority class closes and should not be reopened to accommodate taxes on distributions of lesser priority.  Although the government's claims in this case may thus be denied first priority status, the question remains whether those claims should be placed in the second priority class, in the fourth priority class, or split between the second and fourth priority classes.  The referee followed the latter course by placing the withholding taxes in the second priority class and the employer's contributions to social security in the fourth priority class.

■■  This court affirms the action of the referee and holds that the obligation to pay withholding taxes arises concurrently with the payment of wages upon which they are based and that such taxes may properly be considered wages within the meaning of section 64a(2) of the Bankruptcy Act.  Wages paid to claimants under section 64a(2) are gross wages and include withholding taxes which, although paid to the government, are "constructively received" by the claimant.  Payment of the combined amount, although apportioned between the claimant and the government, may be considered the payment of a second priority claim in full.  In addition, it is at this time, when the first priority class has closed and the wages are paid, that all the facts necessary for calculation of the tax first become available with certainty and accuracy.

As alluded to above, the same reasons which operate to exclude withholding tax claims from the category of costs and expenses of administration also exclude the government's claim for employer's contributions from such category.  The obligation to pay such contributions does not arise until the first priority class has closed and wage dividend distributions have been made.  However, due to the hybrid nature of the wages and the fact that employer's contributions may not be considered part of the wages, it is not entirely clear to which priority class the claim for employer's contributions should be assigned, if any.

■■  It is the conclusion of this court that the employer's contributions here should be assigned to the fourth priority

---

of the estate.  Taxes incurred after that time are incurred by the trustee and although the trustee may be deemed to stand in the shoes of the bankrupt for purposes of the attachment of liability for the payment of the tax, the tax is a charge against the estate and is properly a cost of administration, rather than a tax "which became legally due and owing by the bankrupt."  Therefore, pending congressional action establishing a contrary rule, it appears the distinction should be recognized.

5.  11 U.S.C.A. § 104(a)(4) (Supp.1972).  *See* authorities cited note 4 *supra.*

6.  *See* authorities cited note 4 *supra.*

class. By establishing a fourth priority dealing specifically with taxes, Congress apparently intended to express a general preference for tax claims over the claims of general, non-priority creditors. Non-withholding tax liabilities which arise, in part, out of prebankruptcy transactions, but which do not fit clearly into a particular priority class, may reasonably be placed in the fourth priority class based on this preference. The employer's contributions in the present case are precisely (or imprecisely) such taxes. Important transactions giving rise to these contributions did occur prior to bankruptcy. The formation of the employment agreement and the actual earning of the wages upon which the contributions are based took place before filing. Nevertheless, payment of the wages was made after filing, which renders the priority status of the contributions unclear. Furthermore, employer's contributions are excise taxes incurred by the employer himself, as distinguished from withholding taxes, which are basically taxes imposed upon the employee and susceptible to classification as wages within the meaning of section 64a(2). As a result of this lack of clarity and the general preference for tax claims apparent in the terms of the Bankruptcy Act, classification of the employer's contributions in this case as a fourth priority item seems the most logical approach. Therefore,

It is ordered that the Findings of Fact and Conclusions of Law, and Order entered by the bankruptcy referee on April 14, 1972, are hereby affirmed; that the government's claim for income and F.I.C.A. withholding taxes is properly a claim for wages under section 64a(2) of the Bankruptcy Act and should be paid simultaneously with the distribution of wage dividends; that the government's claim for F.I.C.A. employer's contributions is properly a claim entitled to fourth priority status under section 64a(4) of the Bankruptcy Act; and, that inasmuch as the government has not filed a timely proof of claim with respect to the F.I.C.A. employer's contributions in question, the government's claim for such taxes is disallowed.