410 F.Supp. 407 (1976)
In re ARMADILLO CORPORATION, Bankrupt.
UNITED STATES of America, Appellant,
v.
Charles W. ENNIS, Appellee.
In re REPUBLIC DRUG COMPANY, Bankrupt.
UNITED STATES of America, Appellant,
v.
Roger C. GIFFORD, Appellee.
Bankruptcy Nos. 70-B-549, 70-B-1409.
United States District Court, D. Colorado.
March 10, 1976.
*408 Arthur L. Biggins, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellant.
Mackintosh Brown, Denver, Colo., for appellees.

MEMORANDUM OPINION AND ORDER
ARRAJ, Chief Judge.
This matter is before the court on appeal by the United States from orders entered by the bankruptcy judge in the separate cases. Because the issues presented and the orders appealed from here are identical, these two cases have been consolidated on appeal from the orders denying the relief requested by the United States.
*409 Armadillo Manufacturing Co. filed a voluntary straight bankruptcy petition on February 17, 1970. The required number of creditors filed a petition for an involuntary straight bankruptcy of The Republic Drug Co. on April 29, 1970. The claim of the United States here concerns the disallowance of claims for certain taxes allegedly due on wage claims filed in both cases and recognized by the bankruptcy court either as § 64(a)(2) priority wage claims or as general unsecured wage claimsi. e., wage claims in excess of the $600 limit for each claimant specified in § 64(a)(2). Bankruptcy Act, § 64; 11 U.S.C. § 104 (1970). The United States has filed no formal proofs of claim for these taxes, claiming priority under § 64(a)(1) of the Bankruptcy Act. A review of the taxes involved is necessary to determine the three questions raised as to each tax: liability, priority, and necessity of filing proof of claim.
At issue here are taxes allegedly due under the following sections of the Internal Revenue Code of 1954: first, 26 U.S.C. § 3402income tax on employee's wages, to be withheld by the employer; second, 26 U.S.C. § 3101the employee's tax under the Federal Insurance Contributions Act, called the employee's portion of FICA or social security taxes; third, 26 U.S.C. § 3111the employer's excise tax under the Federal Insurance Contributions Act, called the employer's portion of FICA or social security taxes; and fourth, 26 U.S.C. § 3301the employer's excise tax under the Federal Unemployment Tax Act, called the employer's FUTA or unemployment tax. Under the Code, the employee's portion of FICA taxes and the income taxes on his wages are to be withheld by his employer and paid over to the Internal Revenue Service directly. The employer likewise pays his own share of the FICA taxes and the FUTA tax directly to the Service.
The bankruptcy court recognized two distinct types of wage claim and allowed the claim of the Government for certain of the stated taxes on the basis of whether they were assessed on the § 64(a)(2) priority wage claims or on the general unsecured wage claims. The Government's claims for the employees' income taxes on wages and the employees' portions of FICA were allowed as assessed on the § 64(a)(2) priority wage claims. All other tax claims were disallowed. It is this disallowance the Government appeals.
It is important to note first what is not at issue here. The bankruptcy court held that the trustee in each case was liable for the taxes ordinarily withheld by an employer from the employee's wagesi. e., the employee's income tax on his wages and his share of FICA. This holding was required by the Supreme Court's recent opinion in Otte v. United States, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974) and is not challenged here. In Otte the Court held that either the bankruptcy judge or the trustee was an "employer" under §§ 3401 and 3101 of the Internal Revenue Code and was responsible for withholding these taxes on the § 64(a)(2) priority wage claims. Id. at 51, 95 S.Ct. at 253, 42 L.Ed.2d at 221. There, as in these two cases, the wages had been earned prior to the filing of the bankruptcy petition but had not been paid prior to that time. The Government did not need, according to Otte, to file a proof of claim for these taxes since "[l]iability came into being only during bankruptcy." Id. at 55, 95 S.Ct. at 255, 42 L.Ed.2d at 223.
What remains for determination here involves the tax claims of the Government not allowed by the bankruptcy court. These are: first, the employer's portion of the FICA on the § 64(a)(2) priority wage claims; second, the employer's FUTA tax on the § 64(a)(2) priority wage claims; third, the employee's income tax on wages on the general unsecured wage claims; fourth, the employee's portion of FICA on the general unsecured wage claims; fifth, the employer's portion of FICA on the general unsecured wage claims; and sixth, the *410 employer's FUTA tax on the general unsecured wage claims. For each of these tax claims three issues must be resolved: (a) is the trustee liable; (b) what priority must be accorded the claim if there is liability; (c) must the Government file a formal proof of claim. An understanding of the complex and numerous issues involved may be aided by the following table.

 TABLE I
 ISSUES
 EMPLOYEE'S TAXES | EMPLOYER'S TAXES
 |
 § 3402 | § 3101 | § 3111 | § 3301
 Withholding Tax | E's Share of | R's Share of | R's FUTA (unemployment)
 on Wages (E's | FICA (soc'l | FICA (soc'l | Tax
 income tax) | sec.) | sec.) |
 ---------------------------------------|--------------------------------------------
 | | |
 | | 1 | 2 |
 | | | |
§ 64(a)(2) | [These taxes on these claims | (a) liability | (a) liability |
PRIORITY | | | |
 WAGE | were allowed by the bankruptcy | (b) priority | (b) priority |
 CLAIMS | | | |
 | court.] | (c) proof of | (c) proof of |
 | | claim | claim |
 |---------------------------------------|--------------------------------------------|
 | | |
 | 3 | 4 | 5 | 6 |
GENERAL | | | | |
UNSECURED | (a) liability | (a) liability | (a) liability | (a) liability |
 WAGE | | | | |
 CLAIMS | (b) priority | (b) priority | (b) priority | (b) priority |
(in excess | | | | |
 of $600) | (c) proof of | (c) proof of | (c) proof of | (c) proof of |
 | claim | claim | claim | claim |
 ------------------------------------------------------------------------------------
 NOTE: E represents employee;
 R represents employer.

Issue 1(a): Liability of the Trustee for the Employer's Portion of FICA on the § 64(a)(2) Priority Wage Claims. The Government argues that the trustee in each case fits within the statutory definition of an "employer" and thus is liable for the employer's excise tax imposed by § 3111 of the Internal Revenue Code of 1954 [Code] on the priority wage claims. It argues that the claim is of the first priority under § 64 of the Bankruptcy Act [Act] and that therefore no proof of claim need be filed. The trustee in each case argues, and the bankruptcy court held, that the trustee is not an employer, since no one has ever performed services for the trustee. They further assert that the claim would not be allowed first priority under the Act if it were recognized, since it would not be a cost or expense of administering the estate, and that a proof of claim would have to be filed within the time limit under the Act in order to be allowed. It is conceded here that no claims were filed and the Government's claims would fail if this court held such a proof of claim were required.
*411 Otte v. United States, supra, did not discuss a trustee's liability for this employment tax, although it did discuss the trustee's liability for the employee's portion of the FICA tax. The bankruptcy court in its orders noted a distinction between the employee's contributions under FICA and the employer's contributions: the former is a tax imposed on the basis of the employee's income and is merely to be withheld by the employer under the "pay as you go" taxing philosophy adopted by Congress after World War II; the latter is an excise tax imposed on the employer by virtue of his having persons in his employ, it is a tax on the "privilege of employment." The trustee in bankruptcy, the bankruptcy judge reasoned, is not a person with workers in his employ and therefore is not an employer for purposes of the § 3111 FICA tax on employers.
The difficulty with this conclusion is established by Otte. There the Court held that the trustee was an "employer" within the definition of chapter 24 of the Code, which deals with the withholding of an employee's income tax on wages by his employer.
The fact that in bankruptcy payment of wage claims is effected by one other than the bankrupt former employer does not defeat any withholding requirement. Although § 3402(a) refers to the "employer making payment of wages," § 3401(d)(1) . . . provides that if the person for whom the services were performed "does not have control of the payment of the wages for such services," the term "employer" then means "the person having control of the payment of such wages." This obviously was intended to place responsibility for withholding at the point of control.
Otte v. United States, supra at 50, 95 S.Ct. at 253, 42 L.Ed.2d at 221. The Court reasoned that either the trustee or the bankruptcy judge was the person who had "control of the payment of such wages" and thus was an "employer" obligated to withhold income taxes pursuant to § 3402 of the Code. The Court then concluded that "[t]he situation is the same with respect to FICA withholding." Id. at 51, 95 S.Ct. at 254, 42 L.Ed.2d at 221. The § 64(a)(2) priority wage claims were to be treated as wages and the trustee or the bankruptcy judge had the responsibility, as "employer," either to withhold or to cause to be withheld from the claims the employee's portion of FICA. The lack of a parallel definition of employer in chapter 21 of the Code, which deals with the FICA tax, was not considered significant.
The fact that the FICA withholding provisions of the Code do not define "employer" is of no significance, for that term is not to be given a narrower construction for FICA withholding than for income tax withholding.
Otte v. United States, supra at 51, 95 S.Ct. at 254, 42 L.Ed.2d at 221.
The trustee is, then, for all practical purposes, the "employer" in § 3402 concerning withholding of the employee's income tax on wages and the "employer" in § 3102 concerning withholding of the employee's portion of FICA. Under the principle of construing statutes in pari materia, the use of the term "employer" in § 3111 must be deemed to be equivalent to its use in § 3102, both of which are in chapter 21 of the Code. Therefore, the trustee in each case here must be an "employer" for purposes of the § 3111 FICA tax on employers. The bankruptcy judge's contrary determination is clearly erroneous and is reversed.
Nor is this conclusion contraindicated by the fact that the § 3111 tax is an "excise" tax. Congress intended, as found by the Supreme Court in Otte, to impose the duties of chapter 21 of the Code on the person for whom the employee performs or performed any service or the person who had control of the payment of wages. Adopting the bankruptcy court's narrower construction, it might be possible for an employer to avoid liability for its FICA contributions by assigning the duty of payment to an independent third-party. The employer, under this view, might be able to avoid *412 liability by pointing to the fact that it is not the party paying the wages and thus excused by § 3401(d)(1) of the Code, while the third party would avoid liability by arguing that no employment relationship exists between it and the persons receiving the wages. It is not to be presumed that Congress intended so easy an avenue of avoidance of its mandate.
Another difficulty with the conclusion of the bankruptcy court that the trustee is not liable for the employer's portion of FICA is established by United States v. Fogarty, 164 F.2d 26 (8th Cir. 1947). While there has been criticism of Fogarty by commentators, that criticism has focused on the court's according these claims (employer's FICA and FUTA) first priority, which aspect of the case was in effect overruled by the Supreme Court in Otte. Otte v. United States, supra, 419 U.S. at 56-57, 95 S.Ct. at 256, 42 L.Ed.2d at 224-225. Fogarty was quoted approvingly by the Otte Court as to its other conclusions. 419 U.S. at 51, 53, 95 S.Ct. at 253, 254, 42 L.Ed.2d at 221, 222. Fogarty and its progeny have acknowledged the liability of the trustee for the employer's FICA contribution and the FUTA tax. In re Connecticut Motor Lines, Inc., 336 F.2d 96 (3d Cir. 1964); Lines v. California, 242 F.2d 201 (9th Cir. 1957), reh. denied, 246 F.2d 70, cert. denied, 355 U.S. 857, 78 S.Ct. 86, 2 L.Ed.2d 64; In re Miller Ready Mix Koncrete Corp., 348 F.Supp. 401 (D.Utah 1972). The trustee, therefore, is liable for this tax on the priority wage claims.
Issue 1(b): Priority to be Accorded the Government's Claim for the Employer's Portion of FICA on the § 64(a)(2) Priority Wage Claims. As with most bankruptcy appeals, the central issue is really priority. The Government contends that the taxes alleged due here are to be accorded first priority, as held in Fogarty, supra. The trustee in each case argues, and the bankruptcy court held, that the taxes are entitled to no priority.
A discussion of priorities must begin with a consideration of Otte v. United States, supra. The Court there dealt only with the priority of claims for the employee's withheld income tax and the employee's portion of FICA on § 64(a)(2) priority wage claims, but the policies of the Bankruptcy Act were discussed in general and provide a structure for this analysis.
First Priority. The costs and expenses of administration of the bankrupt's estate are allowed as a first priority under the Act. The Court in Otte disallowed the treatment accorded taxes in United States v. Fogarty, supra, even though Fogarty dealt with the taxes on employers (§§ 3111 and 3301) and Otte dealt solely with the taxes on employees (§§ 3402 and 3101). The Court reasoned that withholding taxes are not costs or expenses of doing business.
[The taxes on employees to be withheld by the employer] are attributable in their entirety to the availability of funds for the payment of priority wage claims. They accrue only as those claims are paid and, to the extent of that payment, the payment of the taxes should be assured.
Otte v. United States, supra, 419 U.S. at 57, 95 S.Ct. at 256, 42 L.Ed.2d at 225. In addition, the Court said, it is anomalous to accord withholding taxes a higher priority than the wage claims to which they so directly relate.
They can be computed only upon the amount of funds available for payment of the wage claims and should not have a computational base greater than those payments. The withholding taxes are, in full effect, part of the claims themselves and derive from and are carved out of the payment of those claims. We therefore fully agree with the Second Circuit's observation, 480 F.2d [184] at 190: "Conceptually the tax payments should be treated in the same way as the wages from which they derive and of which they are a part."
Id. This passage from Otte appears to disregard a prior observation of the Court in Board of Electrical Industry v. United States, 391 U.S. 224, 229, 88 S.Ct. *413 1491, 1494, 20 L.Ed.2d 546, 550 (1968) where it was said:
Moreover, taxes and Social Security contributions which are withheld from wages are entitled to a fourth priority as taxes rather than a second priority as wages.
Id. at n.7. The footnote in Board of Electrical Industry is, however, probably mere dictum since the case actually dealt with the priority to be accorded an employer's unpaid contributions to an employees' annuity plan established by a collective bargaining agreement.
It is unlikely that the excise tax on employers imposed pursuant to § 3111 would stand on any better footing than the parallel tax imposed on employees pursuant to § 3101. If either trustee here had actually been engaged in the process of running the operation of the business, as in a Chapter XI proceeding, then the result might well be different. See Nicholas v. United States, 384 U.S. 678, 681, 86 S.Ct. 1674, 1678, 16 L.Ed.2d 853, 857 (1966).
Second Priority. Otte granted second priority status to the withholding taxes on employees on the priority wage claims, since any other treatment would be "anomalous." If a general rule may be derived from Otte it would seem to be that
"[c]onceptually the tax payments should be treated in the same way as the wages from which they derive and of which they are a part."
Otte v. United States, supra, 419 U.S. at 57, 95 S.Ct. at 256, 42 L.Ed.2d at 225, quoting In re Freedomland, Inc., 480 F.2d at 190. The tax claim under discussion here is clearly not "wages" as that term is used in § 64(a)(2) of the Act and is not a claim for taxes derived from and a part of the wage claims themselves, as are the taxes on employees. Therefore the claim may not be accorded second priority.
Third and Fifth Priorities. These priorities have no possible application to these taxes.
Fourth Priority. If the trustee is the "employer" under § 3111, then the claim for the employer's portion of FICA is not a tax "which became legally due and owing by the bankrupt." Bankruptcy Act, § 64(a)(4). Otte v. United States, supra, 419 U.S. at 56, 95 S.Ct. at 256, 42 L.Ed.2d at 224; In re John Horne Co., 220 F.2d 33 (7th Cir. 1955); Pomper v. United States, 196 F.2d 211 (2d Cir. 1952).
As has been noted above, the taxes did not become due and owing at all until the claims, constituting wages, were paid. This took place after bankruptcy, not before.
Otte v. United States, supra at 56, 95 S.Ct. at 256, 42 L.Ed.2d at 224 (emphasis added). Even though Otte dealt only with the withholding taxes on priority wage claims, the language of § 64(a)(4) deals with all taxes. Its proviso reads:
. . . no priority over general unsecured claims shall pertain to taxes not included in the foregoing priority.
The court concludes that since the tax claim for the employer's portion of FICA does not fit within the Otte category of § 3402 and § 3101 taxes on priority wage claims, nor within the § 64(a)(4) category of taxes due and owing "by the bankrupt," then the claim must be accorded the same priority as all other general unsecured claims pursuant to the proviso of § 64(a)(4). The bankruptcy judge's resolution of the priority issue is substantially in accord with this conclusion and is affirmed.
Issue 1(c): Requirement of Filing Proof of Claim as to the Employer's Portion of FICA on the § 64(a)(2) Priority Wage Claims. The bankruptcy court held that, even if there were liability for the employer's portion of FICA, the Government's claim must fail because it did not file a formal proof of claim pursuant to § 57 of the Act. Many courts have reasoned that the United States is required to make such a filing, but the Court in Otte determined that liability for the taxes on employees, to be withheld by the employer, "accrues only when the wage is paid." *414 The wages that are the subject of the wage claims, although earned before bankruptcy, were not paid prior to bankruptcy. [Bankrupt] had incurred no liability for the taxes. Liability came into being only during bankruptcy. The taxes do not partake, therefore, of the nature of debts of the bankrupt for which proofs of claim must be filed.
Otte v. United States, 419 U.S. 43, 55, 95 S.Ct. 247, 255, 42 L.Ed.2d 212, 223. The same logic applies, a fortiori, to a tax imposed on the trustee held to be an "employer" only by virtue of the fact that he pays such wage claims. Therefore the Government's claim does not fail for failure to file a proof of claim. The bankruptcy judge's contrary determination is clearly erroneous and is reversed.
Issue 2(a): Liability of the Trustee for the Employer's FUTA or Unemployment Tax on the § 64(a)(2) Priority Wage Claims. Much of the discussion of Issue 1(a) supra is relevant here. Contrary to chapter 21 of the Code, dealing with FICA contributions, chapter 24, dealing with the FUTA tax, does provide a definition of "employer." 26 U.S.C. § 3401(d). The bankruptcy court concluded in each case here that the trustee would not
during any calendar quarter in the calendar year [pay] wages of $1,500.00 or more . . .[;]
nor would either trustee be able to compute what credit or set off he would be entitled to under the Code for payments made to qualified state unemployment funds.
The record does not disclose whether either trustee here will in fact pay out more than $1,500 in priority and general unsecured wage claims within the prescribed time. If either trustee does, he would come within the explicit language of the Code and the tax will be due and owing. If he does not, then there would be no liability on the trustee, just as there would not be on any other employer. The cases must both be remanded for appropriate findings of fact on this issue by the bankruptcy judge.
The FUTA tax is not excused here by virtue of the fact that there may be computations involved or that there may be tax credits allowed for contributions to state funds. Since the wage claims have not been paid yet, it is unlikely that any contributions to state funds have been made. The bankruptcy judge, with his greater factual familiarity with the parties and the cases, may readily ascertain if there is any such claim made. If there is, the trustees may make such computations as would be required of any employer seeking the applicable tax credit.
Compliance with such requirements adds only slightly to the trustee's inescapable task and cost of verifying each claim before payment.
In re Freedomland, Inc., 480 F.2d 184, 188 (2d Cir. 1973), aff'd sub nom. Otte v. United States, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974). This issue, therefore, is remanded for the indicated findings of fact.
Issue 2(b): Priority to be Accorded to Government's Claim for the Employer's FUTA or Unemployment Tax on the § 64(a)(2) Priority Wage Claims. If the trustees are found to fit within the definition of "employer" for FUTA purposes, then the priority to be accorded the claim must be the same as that for the employer's portion of the FICA tax for the same reasons given above in discussing Issue 1(b). Therefore the bankruptcy judge is affirmed as to this issue of priority.
Issue 2(c): Requirement of Filing Proof of Claim as to the Employer's FUTA Tax on § 64(a)(2) Priority Wage Claims. For the reasons previously given in discussing the requirement of a proof of claim as to the employer's portion of FICA, no proof of claim need be filed as to this tax.
Issues 3(a) and 4(a): Liability of the Trustee for the Employee's Income Tax Withholding and the Employee's *415 Portion of FICA on General Unsecured Wage Claims. Otte v. United States made clear that a trustee as employer must withhold income taxes pursuant to § 3402 and the employee's portion of FICA pursuant to § 3101 when paying out § 64(a)(2) priority wage claims. There is no valid distinction between an employer's withholding such taxes on priority wage claims and his withholding them on general unsecured wage claims. The bankruptcy judge's discussion of a "mass" or "lump" theory of unsecured claims, in which wage claims have no special or separate identity, is without support. To adopt such a theory would mean that an employee receiving wages as part of a general unsecured wage claim would likewise owe no employee taxes on such funds. This result is not lightly to be inferred. It is obvious that every claim, whether unsecured or not, is for something and the "lumping" of it with other unsecured claims does not remove all other aspects of it. Each trustee is liable for these tax claims on the general unsecured wage claims. The bankruptcy judge's ruling on these issues is clearly erroneous and is reversed.
Issues 3(b) and 4(b): Priority to be Accorded the Government's Claims for the Employee's Income Tax Withholding and the Employee's Portion of FICA on General Unsecured Wage Claims. These claims clearly fit within the "general rule" of Otte discussed supra.
"Conceptually the tax payments should be treated in the same way as the wages from which they derive and of which they are a part."
Otte v. United States, 419 U.S. 43, 57, 95 S.Ct. 247, 256, 42 L.Ed.2d 212, 225. Since these tax claims relate to the general unsecured wage claims, the taxes should be accorded the same treatment. Therefore these tax claims will be accorded no priority under § 64 of the Act, as the bankruptcy judge held.
Issues 3(c) and 4(c): Requirement of Filing Proof of Claim as to the Employee's Income Tax Withholding and the Employee's Portion of FICA on General Unsecured Wage Claims. The reasoning stated concerning this requirement as to the taxes on employers is equally applicable here. The Government was not required to file a proof of claim as to these taxes. The bankruptcy judge's contrary holding is clearly erroneous and is reversed.
Issues 5(a) and 6(a): Liability of the Trustee for the Employer's Portion of FICA and the Employer's FUTA or Unemployment Tax on General Unsecured Wage Claims. If a trustee is an "employer" for FICA purposes as to priority wage claims, and for FUTA purposes (where a special definition applies), then it follows he is an employer for those purposes as to unsecured claims. He has not changed by virtue of the fact that the Bankruptcy Act only gives priority to a limited amount of wage claims filed by employees. He is still the person responsible for making the payment of wages. He is still bound to make payments pursuant to § 3111 or § 3301. The only difference in fact is that the employee with an unsecured claim for the balance of his wages will be forced to accept less according to the priorities of the Act. The Government, as a consequence of the lesser payment, will be forced to accept a lesser amount of taxes than it might otherwise have received, because it can only tax on the wages actually paid to the employee, either as a priority wage claim or as a general unsecured wage claim. The trustee in each case must be held liable for these taxes as well. The bankruptcy judge's holding is reversed as to Issue 5(a) and remanded as to Issue 6(a) for appropriate findings of fact.
Issues 5(b) and 6(b): Priority to be Accorded the Government's Claims for the Employer's Portion of FICA and the Employer's FUTA or Unemployment Tax on General Unsecured Wage Claims. For the reasons stated for according these same claims on priority wage claims no priority, these claims on general unsecured claims should be given no priority. The result reached by the bankruptcy judge is affirmed on these issues.
*416 Issues 5(c) and 6(c): Requirement of Filing Proof of Claim as to the Employer's Portion of FICA and the Employer's FUTA or Unemployment Tax. These taxes, as the taxes on the priority wages, accrue only when and if the claims are paid, which is after bankruptcy. Therefore no claim need have been filed. The order of the bankruptcy judge on these issues is clearly erroneous and is reversed.
These two consolidated cases are remanded to the bankruptcy court for such further proceedings as may be consonant with this opinion and order.