**In re The CHIEF FREIGHT LINES COMPANY, Debtor.**

**Bankruptcy No. 81–01096.**

United States Bankruptcy Court, N.D. Oklahoma.

March 6, 1992.

**292**

Sam Bratton, II, Tulsa, Okl., for debtor.

M. Kent Anderson, Attorney, Tax Div., Dept. of Justice, Dallas, Tex., for I.R.S.

ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S OBJECTION TO PRIORITY CLAIM OF THE UNITED STATES OF AMERICA Ex Rel. INTERNAL REVENUE SERVICE

MICKEY DAN WILSON, Bankruptcy Judge.

The United States of America *ex rel.* Internal Revenue Service ("I.R.S.") filed a claim for payment of the employer's share of FICA taxes in the amount of $82,268.45 and $8,226.85 in accrued penalty against the debtor. Chief Freight Lines Company ("Debtor") filed an objection to the priority claim of the I.R.S. The I.R.S. has subsequently filed a response to debtor's objection and asserted that the priority claim be given seventh priority under 11 U.S.C. 507(a)(7)(D).

## FINDINGS OF FACT

On October 7, 1981, the debtor filed its petition for relief under 11 U.S.C. An Order was issued on December 18, 1984, requiring the debtor to pay pre-petition priority wage claims under 11 U.S.C. § 507(a)(3). On December 24, 1984, the debtor paid these priority wage claims in the amount of $1,200,000.00. The debtor also withheld the employees' portion of FICA taxes on the priority wage claim distribution and remitted the amount to the I.R.S. The debtor, however, did not pay the employer's portion of FICA taxes due on the priority wage claim distribution to the I.R.S.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B), 11 U.S.C. § 507(a)(7)(D).

## CONCLUSIONS OF LAW

The I.R.S. asserts the employer's portion of FICA taxes due equals $90,-495.30 ($82,268.45 in tax, $8,226.85 in penalty), and should be paid by the estate in seventh priority under 11 U.S.C. § 507(a)(7)(D). The debtor, however, argues that this obligation should be treated only as a general unsecured claim.

The Bankruptcy Code affords seventh priority for "an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date ..." 11 U.S.C. § 507(a)(7)(D). It is undisputed that the wages themselves were third-priority claims under § 507(a)(3); and it appears clear to this Court that the unpaid employer's portion is "an employment tax on" such third-priority claims. Therefore, the unpaid employer's portion should receive seventh priority under § 507(a)(7). If there were any ambiguity about § 507(a)(7) as applied here, it would be cured by legislative history, which explains that:

> In the case of wages earned by employees before the petition, but actually paid by the trustee (as claims against the estate) after the title 11 case has commenced the employer's share of the employment taxes on third priority wages *will be payable as sixth priority claims* and the employer's taxes on pre-petition wages which are treated only as general claims will be payable only as general claims.

124 Cong.Rec. 32,416 (1978) (emphasis added). Note, 11 U.S.C. § 507(a)(7)(D) was formerly 11 U.S.C. § 507(a)(6)(B) before the 1984 amendments which changed it from sixth to seventh.

The debtor contends that the employer's portion of FICA tax should be a general unsecured claim of the I.R.S. This argument is based on the debtor's reading of the same legislative history quoted *supra.* However, the source of said legislative history relied upon by the debtor erroneously omitted key language as follows:

... the employer's share of employment taxes on third priority claims and the employers taxes on pre-petition wages which are treated only as general claims will be payable only as general claims ...

Cong.Rec. 32,416 (1978) as *reprinted in* 1983 Collier, *Pamphlet Edition, Bankruptcy Code.* Apparently Collier's publication inadvertently omitted the phrase "will be payable as sixth priority claims." Unfortunately, the debtor bases its assertion on Collier's inaccurate and misleading quote. Clearly the correct version of the legislative history accords the employer's share of FICA taxes seventh priority in agreement with the statute itself.

■ The debtor further cites *In re Armadillo Corp.*, 410 F.Supp. 407 (D.Colo. 1976) *aff'd*, 561 F.2d 1382 (10th Cir.1977). This case determined the employer's share of FICA taxes should be a general unsecured claim. However, this case determined priority status under the Bankruptcy Act, § 64(a), not the Code § 507(a)(7)(D) which is at issue in the instant case. Therefore, *In re Armadillo Corp.* does not apply and is dead in the road.

The debtor also cites *Otte v. U.S.*, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974) which dealt with § 64(a)(4) of the Act and obviously did not construe 11 U.S.C. § 506(a)(7)(D) which did not exist in 1974. *Otte* stated that withholding taxes are entitled the same priority as the wages from which they were withheld. The debtor in the instant case argues that these taxes at issue are not withholding but the employer's share of the FICA taxes; therefore, no priority should attach. This argument is of no avail since the Code under 11 U.S.C. § 507(a)(7)(D) only requires "an employment tax ..." In addition, Collier states employment taxes receive seventh priority

with no reference that they be withholding. (Collier on Bankruptcy, par. 507.04(e) (1991).) Although *Otte* seemed to grant the same priority for employer withholding as wages under the Bankruptcy Act § 64(a)(4), 11 U.S.C. § 507(a)(7)(D) grants priority to an employment tax on wages even though not withholding.

■ Aside from the $82,268.15 in employer's tax, the I.R.S. also claims $8,226.85 as an accrued penalty. Tax penalties are afforded seventh priority only if they are "in compensation for actual pecuniary loss ..." 11 U.S.C. § 507(a)(7)(G). But if the "fines or penalties are punitive in nature and not for actual pecuniary loss, they are not given priority but rather are subordinated in order of payment under § 726(a)(4)." Collier on Bankruptcy, par. 507.04(h) (1991). The I.R.S.'s penalty in the case is not "compensation for actual pecuniary loss." In this liquidating chapter 11 case, 11 U.S.C. § 726(a)(4) does not directly apply; but I.R.S.'s "punitive" claim would be properly subordinated to other classes of general unsecured claims by analogy with § 726(a)(4).

IT IS THEREFORE ORDERED that the debtor's objection to the priority claim of the I.R.S. is granted in part and denied in part, as follows: the I.R.S.'s tax claim of $82,268.45 is afforded seventh priority status pursuant to 11 U.S.C. § 507(a)(7)(D); but the I.R.S.'s penalty claim of $8,226.85 is denied priority status under § 507(a)(7)(G) and objection to the same is granted and allowed only as a general unsecured claim.